[No. B007267. Second Dist., Div. Six. Feb. 18, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
GLEN ROGER WILCOX, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, the portion of the opinion to be published follows.

COUNSEL

Lascher & Lascher and Wendy C. Lascher for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GILBERT, J.—Glen Roger Wilcox appeals from the judgment entered following his conviction by the court of assault with intent to commit oral copulation (Pen. Code, § 220), assault with intent to commit rape (Pen. Code, § 220) and rape with a foreign object (Pen. Code, § 289). We affirm his conviction because a finger is a "foreign object" within the meaning of Penal Code section 289. [. . .*]

### FACTS

On November 27, 1983, at approximately 1 p.m., Valerie W. was alone in her home when Wilcox, her roommate's ex-husband, arrived. After some conversation, Wilcox partially removed Ms. W.'s clothing despite her resistance. He inserted his finger in her vagina and attempted further sexual assaults. An interruption by someone knocking at the door enabled Ms. W. to take refuge in the bathroom where she held Wilcox at bay with a curling iron.

*See footnote, *ante,* page 715.

Wilcox admitted placing his finger in Ms. W.'s vagina, but claimed Ms. W. at first consented, but then changed her mind after the interruption. Wilcox presented testimony from a clinical psychologist, who is a sex therapist, that almost every area of the body is considered a sexual organ, particularly the fingers. Therefore, Wilcox claimed that a finger is not a "foreign object" within the meaning of Penal Code section 289.

## DISCUSSION

■■■ We reject Wilcox' contention that a finger is not a foreign object within the meaning of Penal Code section 289. Section 289 as amended in 1982 prohibits forcible penetration of the genital or anal openings by a foreign object including "any part of the body, except a sexual organ." (Pen. Code, § 289, subd. (c).)[1] As the People point out, if any external part of the body may be a sexual organ, then the exclusion of sexual organs in subdivision (c) would be meaningless and the amended section would mean the same thing as the former version of section 289.[2]

Penal statutes are to be construed "according to the fair import of their terms, with a view to effect [their] objects and to promote justice" (Pen. Code, § 4; *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 632 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]). The "sexual organ of a male" refers to his "penis" or "phallus" (4 Schmidt, Attorneys' Dict. of Medicine and Word Finder (1983) p. 1261). Wilcox committed his acts by using other parts of his body. Although different organs may be used for sexual purposes, that does not make them sexual organs.

In reviewing the legislative history concerning the 1982 amendment to section 289 we examined the digest of the amendment prepared by the Assembly Committee on criminal justice. The digest specifically states that "foreign objects" include "parts of hands or entire fists." Thus Wilcox' conduct fell within Penal Code section 289.

Wilcox also argues that since the testimony of his expert that the hands or fingers are sexual organs was uncontradicted, his conviction must be reversed. ■■ An "expert remains only a witness, to whose opinion the trier of fact need give no more acceptance than is compelled by the reasons upon which it is based." (*People* v. *Davaney* (1970) 7 Cal.App.3d 736, 749 [86 Cal.Rptr. 778] citing *People* v. *Bassett* (1968) 69 Cal.2d 122, 144 [70

---

[1]The former version of section 289 provided that a foreign object does "not include any parts of the body" (Stats. 1978, ch. 1313, § 1, p. 4300).

[2]If every external organ of the body is a sexual organ as the defense expert suggests, then what is left? The People aptly point out the statute cannot mean that internal organs are foreign objects. This includes the brain, which bears responsibility for acts prohibited by the statute, and which also devises ingenious arguments to escape that responsibility.

Cal.Rptr. 193, 443 P.2d 777].) A jury may properly reject an expert's conclusion if there is doubt as to the material upon which the expert's conclusions are based. (*People* v. *Coogler* (1969) 71 Cal.2d 153, 166 [77 Cal.Rptr. 790, 454 P.2d 686].) ▉ Here, the trier of fact was not compelled to accept the expert's opinion.

. . . . . . . . . . . . . . . . . . . . . . . . .*

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.

A petition for a rehearing was denied March 12, 1986, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied May 7, 1986.

*See footnote, *ante,* page 715.