[No. C015858. Third Dist. Apr. 28, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DUANE RAY KEENEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*See footnote 1, *post*, page 888.

**COUNSEL**

Handy Horiye, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert Anderson, Assistant Attorney General, W. Scott Thorpe and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAVIS, Acting P. J.**—A jury convicted the defendant of a number of sexual offenses (which we need not detail) and kidnapping for the purpose of committing rape (Pen. Code, §§ 207, subd. (a); 208, subd. (d); undesignated section references are to this code). The jury also sustained numerous firearm enhancements. Sentenced to state prison, the defendant disputes not the acts of which he was convicted so much as their legal significance. In the published portion of the opinion we hold that section 289, subdivision (a)

(penetration by foreign object), contemplates the punishment of a defendant who forces a victim to penetrate the victim's *own* anus or genitals. Finding no error, we shall affirm the judgment in its entirety.[1]

Rather than set out a separate statement of facts, we will incorporate the relevant portions of the victim's testimony in the DISCUSSION (this being the only testimony relating to the nature of the crimes). To provide an overview, the victim had made the defendant's acquaintance for the first time during a late night of socializing in Alturas with her boyfriend and others.The crimes took place after the defendant intercepted her on the highway as she drove home.

## DISCUSSION

### I. *Sufficiency of kidnapping evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. *Penetration by foreign object*

After the first asportation, the defendant spread a blanket on the ground. While undressing, he directed the victim at gunpoint to lie down on the blanket, insert two fingers of one hand in her vagina, and a finger from her other hand in her anus.

On appeal, the defendant argues this testimony does not establish penetration by a foreign object (§ 289, subd. (a)), the crimes of which the jury convicted him in counts two and three. In his view, the statute, which provides, "Every person who causes the penetration, however, slight, of the genital or anal openings of any person or causes another person to so penetrate the defendant's or another person's genital or anal openings for the purpose of sexual arousal . . . by any foreign object . . . when the act is accomplished against the victim's will . . . shall be punished by imprisonment in the state prison" (*ibid.*) does not contemplate the punishment of a defendant who forces a victim to penetrate the victim's *own* anus or genitals. To quote the key to his novel assertion, "Clearly, a person's finger cannot be foreign to that person."[2] He also relies on subdivision (m) of the statute, which provides: "As used in this section, 'victim' includes any person who the defendant causes to penetrate the genital or anal openings of

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III, IV, and V of the DISCUSSION.

*See footnote 1, *ante.*

[2]The defendant concedes that fingers generally are "foreign objects" for purposes of the statute. (§ 289, subd. (k); *People* v. *Wilcox* (1986) 177 Cal.App.3d 715 [233 Cal.Rptr. 170].)

the defendant or another person or whose genital or anal openings are caused to be penetrated by the defendant or another person and who otherwise qualifies as a victim under the requirements of this section." (§ 289, subd. (m).) He concludes by noting that acts such as those alleged here would not generally go unpunished, because they are proscribed by the sexual battery statute (§ 243.4).[3] However, he points out that section 243.4 is not a lesser included offense of section 289, so this court's course must be to reverse counts 2 and 3, not reduce the gravity of the conviction.

The defendant's first premise places too restrictive a definition upon the word "foreign." ■■ ■■ It is true that on the one hand the common dictionary definition refers to something "relating to, or proceeding from some other person . . . than the one under consideration." (Webster's New Collegiate Dict. (9th ed. 1983) p. 483.) However, the common definition also embraces the meaning of something "occurring in an abnormal situation in the living body and often introduced from outside." (*Ibid.*) Attempting to adhere to a delicacy of expression, we confine ourselves to the comment that one's finger is not naturally found within one's orifices. Nor does this result in an "ambiguity" to be resolved in the defendant's favor. The Legislature is entitled to proscribe *both* types of forcible intrusion into the orifices of a victim, whether proceeding from another person *or* from a body part of the victim not naturally found there.

This leaves his alternative argument interpreting the language of the two parts of the statute as excluding forcible self-penetration. We do not find this interpretation tenable. The two general categories proscribed by section 289, subdivision (a) are those "*who cause*[] the penetration . . . of any person" (italics supplied), as distinct from those who "cause[] another person to so penetrate the defendant[] or another person[]." Thus, the only requirement where a victim is penetrated is that the defendant "caused" it. A defendant can cause the finger of anyone—whether victim, defendant, or a third party—to penetrate the victim. Nor does resort to section 289, subdivision (m) avail the defendant. Here, the two categories are inverted. The first set of victims are those whom a defendant "cause[s] to penetrate . . . the defendant or another person," while the second are those who "*are caused to be penetrated* by the defendant or another person" (italics supplied). Under this prolix passive, once again the only requirement for victim status is that the defendant or third party "caused" the penetration of the victim. Forcible self-penetration may logically be caused by a defendant or third party, and therefore the forcibly self-penetrated come within the ambit of the statute.

---

[3]The existence of this other statute has no pertinence to whether this conduct is proscribed by section 289 because the sexual battery statute states, "This section shall not be construed to limit or prevent prosecution under any other law which also proscribes a course of conduct that also is proscribed by this section." (§ 243.4, subd. (g).)

In short, the defendant may legally be prosecuted and convicted under section 289 for the acts he forced the victim to perform.

### III.-V.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISPOSITION

The judgment is affirmed.

Scotland, J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 1994. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote 1, *ante*, page 888.